DAHIYA LAW OFFICES, LLC  
325 BROADWAY SUITE 304  Dated of Hearing: March 26, 2009  
NEW YORK NEW YORK 10007  Time 10:00 AM  
TEL: 212 766 -8000  
FAX: 212 766 8001  

UNITED STATES BANKRUPTCY COURT  
EASTERN DISTRICT OF NEW YORK  
-----------------------------------------------------------------------------X  Case No. 09-41817  
IN RE:

    DALBIR SINGH,

    CHAPTER 11  
-----------------------------------------------------------------------------X

**AFFIRMATION IN SUPPORT OF MOTION REQUESTING EXPUNGING OF PETITION NO. 08-45150 FILED IN NAME OF DEBTOR**

DALBIR SINGH, through his attorney Karamvir S. Dahiya of Dahiya Law Offices LLC respectfully submit the following.

1. The debtor came to my office to save his investment property, a house in Richmond Hill, bearing address 109 Avenue Queens College Village NY 11427.

2. IndyMac Bank is the lender that initiated the foreclosure proceedings and obtained a judgment of foreclosure. Stein, Wiener and Roth LLP are the attorneys for this lender.

3. The debtor contacted my office to save his property.

4. We decided to seek bankruptcy protection.

5. The debtor took his credit counseling.

6. While I was in the process of filing his present Chapter 11 Petition, I discovered that there was another Petition under a chapter 13 ( Case No. 08-45150-jf) filed in his name and social security number. Initially I had thought of filing his bankruptcy petition under Chapter 13, however owing to newly discovered facts and for strategic reasons, it was decided to seek protection under Chapter 11.   The debtor was not clear about lot of things and he was not even aware of the nature of his ownership of the properties, which made it necessary for me to seek Chapter 11 protection.

7. Once my office discovered on Pacer, that there was another bankruptcy petition filed in his name within last one year, I immediately downloaded the said petition and the debtor made it clear that he had not filed this case and that the signature are not his.

8. He did not even authorize anyone to file this case.

9. The debtor is a victim of fraud.

10. The debtor did have a broker Satish Sharma who was trying to arrange for short sale of this house.

11. The debtor is in the process of ascertaining the identity of the people who might have done it.

12. Stay benefits under 11 USC §362 are highly circumscribed now.

13. Section 362 (c)(3)(A) dilutes the efficacy of stay if it is a second filing.

14. However the debtor never filed the first filing and thus it is amenable to being expunged under FRBP 9024 which incorporates F.R. Civ. P. section 60.

15. The debtor request that the first filing be declared a nullity.

16. Stay benefits are statutory rights.

17. Statutory rights are property rights.

18. Taking away of this statutory right is taking away of property rights without the due process of law.

19. Dalbir Singh is entitled to have a stay benefit as statutorily prescribed under 11 USC §362 and it must not be tainted by filing of Case No. . 08-45150 as, that case was not filed by him.   He does not know who filed it.

20. Dalbir Singh must not be punished for this.  If it is his second filing, then he must be making a motion to extend the stay, however here he is requesting an expungment of the earlier filing.

21. There is an interest to property that the debtor seeks to protect.

22. The debtor seeks to have the safe guard of the 11 USC 362 full stay without the penalties  that are attached to second or third filing.

23. Debtor is entitled to this right. Denial of this right is violation of the due process.

24. The Debtor by virtue of being a debtor 11 USC 301 clearly posit,"clear entitlement" to this benefit of blanket stay provision of 11 USC 362.

25. There is no "uncertainty regarding his entitlement." See O'mara vs. Town of Wappinger, 485 F.3d 693 ("In order for an interest in . . . to qualify as a property interest for purposes of the substantive due process clause a. . . must show a "clear entitlement" to that benefit. *Id.* at 152 (quotation marks omitted). As we explained in *Natale v. Town of Ridgefield,* 170 F.3d 258 (2d Cir.1999), "in order to establish a federally protectable property interest. . . for which a plaintiff has applied, the plaintiff must show that. . . there was no uncertainty regarding his entitlement . . . " *Id.* at 263)

26. In order to safeguard his entitlement, it is requested that the prior filing under Chapter 13 Case number -8-45150) be declared a nullity and the related filing record be expunged.

Wherefore, it is respectfully submitted that the Case number 8-45150 be deleted from filing and declared as void vis-à-vis the instant bankruptcy petition.

                            Sincerely,
                            */s/Karamvir s. dahiya*
                            _____
                            Karamvir S. Dahiya, Esq.

Notice to
Stein, Wiener and Roth LLP
One Old Country Road
Suite 113
Carle Place New York 11514